# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THOMAS E. WORRELL, JR.,
SALERNO PROPERTIES, INC.,
WORRELL ENTERPRISES, INC.,
and AEACUS REAL ESTATE
LIMITED PARTNERSHIP,

        Plaintiffs,

vs.                                                                                                     No. CIV 00-581 JC/LFG

SCOTT H. SANGER, P.C.,
SCOTT H. SANGER, individually,
and CROSSROADS REALTY AND
MANAGEMENT, LLC, New Mexico
limited liability company,

        Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER came on for consideration of Sanger Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 5, 2000 *(Doc. 12)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

       Plaintiffs allege that Defendant Scott Sanger, and his business, Scott Sanger, P.C. (Sanger Defendants) represented Plaintiffs in several real estate purchases including a pair of transactions involving a real estate development in Taos, New Mexico known as the Convent. *See* Complaint at ¶18. Plaintiffs allege that at the direction of Defendants Sanger, Plaintiff Salerno, Inc. purchased the Convent through a limited liability company, while purchasing an adjacent tract in its own name. *See*

*id.* at ¶19.  As drafted by Defendant Sanger,  Convento, LLC was created with Salerno holding an 80% interest and Scott Sanger holding a 20% interest in the company.

As a result of these and other real estate transactions gone wrong, Plaintiffs sued Defendants for illegal, tortious and fraudulent acts allegedly committed in connection with legal and real estate services rendered by Defendants Sanger and Crossroads.  Plaintiffs invoked this Court's jurisdiction under 28 U.S.C. § 1332(a)(1), diversity of citizenship.  However, the Sanger Defendants now challenge diversity jurisdiction and move for dismissal.  As grounds for their motion, the Sanger Defendants allege that Convento, LLC, a New Mexico Limited Liability Company, is a real party in interest that, if joined, will destroy diversity.  Plaintiffs counter that Convento is not a real party in interest, because the alleged injury was suffered by Plaintiffs, not Convento, LLC.

Federal Rule of Civil Procedure 17 provides that:

> Every action shall be prosecuted in the name of the real party in interest....  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest;  and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

FED. R. CIV. P. 17(a).   In diversity cases the identity of a real party in interest is determined by the substantive law of the forum state. *See K-B Trucking Co. v. Riss Int'l Corp*., 763 F.2d 1148, 1153 (10th Cir.1985).  In New Mexico, "[a] real party in interest is one who owns the right being enforced or who is in a position to discharge the defendant from liability." *Moody v. Stribling*, 1999-NMCA-094, ¶8, 985 P.2d 1210, 1214 (Ct. App. 1999), cert denied, 127 N.M. 389, 981 P.2d 1207 (1999). In this case, Plaintiffs challenge the legal and real estate services provided by Defendants to Plaintiffs,

not to Convento. Plaintiff Salerno, Inc. and Defendants Sanger entered into an attorney-client relationship. Convento was created pursuant to that representation. It is the actual creation of Convento which Plaintiffs allege caused their injury. Thus, Plaintiffs do not allege any harm to Convento itself. The Court finds that Convento was merely a device by which Defendant allegedly harmed Plaintiffs' real estate and legal interests. Therefore, Convento, LLC is not a real party in interest and need not be joined.

This result is in keeping with the stated purposes of Rule 17(a) which is to enable a defendant to avail himself of evidence and defenses that he has against the real party in interest, and to assure him finality of judgment, and that he will be protected against another suit brought by the real party in interest on the same matter. S*ee e.g., Celanese Corp. of America v. John Clark Industrie*s, 214 F.2d 551, 556 (5th Cir. 1954). Here, Defendant Sanger, as the only additional interest holder in Convento, does not run the risk of multiple suits. To the contrary, he will have full opportunity to represent his interest in Convento, LLC as a defendant in this case. Furthermore, once a decision is rendered, Defendants will not be subject to threat of double liability.

Wherefore,

IT IS HEREBY ORDERED that Sanger Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 5, 2000 *(Doc. 12)* is denied.

DATED January 9, 2001.

_____
**UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Paul Bardacke, Esq.
    Peter S. Kierst, Esq.
    Karen S. Mendenhall, Esq.
    Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A.
    Albuquerque, New Mexico

Counsel for Defendants Sanger:

    Ray M. Vargas, II, Esq.
    Briggs F. Cheney, Esq.
    Albuquerque, New Mexico

Counsel for Defendant Crossroads:

    Thomas A. Simons, IV, Esq.
    The Simons Firm, LLP
    Santa Fe, New Mexico